| | |
|---|---|
| **KRYSTAL RUIZ** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Case No. 1:24-cv-560 |
| | ) |
| **SPIRE RECOVERY SOLUTIONS LLC** | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I.      INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff, Krystal Ruiz, an individual consumer, against Defendant, Spire Recovery Solutions LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

## II.      JURISDICTION AND VENUE

2.    Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C § 1331.

3.    Venue in this District is proper in that the Defendant transacts business in Austin, Travis County, Texas, and the conduct complained of occurred in Austin, Texas.

## III.      PARTIES

4.    Plaintiff is a natural person residing in Austin, Texas.

5.    Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

6.    Upon information and belief, Defendant is a New York corporation with its registered agent for service of process as follows: Corporate Creations Network Inc, 2425 W. Loop South #200, Houston, TX 77027.

7.    Defendant regularly attempts to collect consumers' debts alleged to be due to another.

8.    Defendant is engaged in the collection of debt from consumers using the mail and telephone.

9.    Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

## IV.    FACTS OF THE COMPLAINT

10.   On or about February 13, 2024 and February 20, 2024, Plaintiff received a short message service or SMS (also known as "text message") from Defendant attempting to collect an alleged debt.

11.   On February 21, 2024, Plaintiff sent a response message back via text message stating "I am unwilling to pay the debt" pursuant to 15 U.S.C. § 1692c(c).

12.   Defendant continued collection efforts as follows: (1) On or about February 21, 2024 Plaintiff received an additional text message communication from Defendant; (2) On February 27, 2024 Plaintiff received an additional text message communication from Defendant attempting to collect the alleged debt.

13. Plaintiff has suffered actual damages as a result of the illegal debt collection communications by Defendant in the form of anger, anxiety, decreased ability to focus on tasks, frustration, amongst other negative emotions.

## V. FIRST CLAIM FOR RELIEF
### 15 U.S.C. §1692c(c)

14. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

15. Defendant's debt collection efforts violated the FDCPA, particularly §1692c(c) states:

> (a) If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except-
>> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
>
> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

16. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.

17. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendant for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C § 1692k(a)(1);

C. Statutory damages pursuant to 15 U.S.C § 1692k(a)(2);

D. Costs and reasonable attorney fees pursuant to 15 U.S.C § 1692k(a)(3);

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: May 23, 2024

By: s/ Tiffany Hill
Tiffany Hill, Esq. (OBA# 31332)
3010 LBJ Freeway, Suite 1200
Dallas, TX 75234
(405) 456-9406
thlegalconsulting@gmail.com

By: s/ Shakeria Northcross
Texas Bar No. 24116836
NORTHCROSS LEGAL PLLC
539 W. Commerce St. #7226
Dallas, Texas 75208
T: (903) 691-1246
E: assistant@northcrosslegal.com

*ATTORNEYS FOR PLAINTIFF*